FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 OCT 16 P 12:05

CLERK'S OFFICE
AT BALTIMORE

BY_____ _____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LOUIS VINCENT

　　Plaintiff

　　v.　　　　　　　　　　　　　　　　CIVIL No. JKB-13-1276

PBS COALS, INC., *et al.*,

　　Defendants

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Louis Vincent ("Plaintiff") brought this suit against PBS Coals, Inc. ("PBS Coals"), Severstal Resources, Inc. ("Severstal Resources"), Severstal US Holdings, LLC ("Severstal US I") and Severstal US Holdings II, LLC ("Severstal US II", collectively "Defendants") for negligence.[1] Now pending before the Court is PBS Coals's motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the United States District Court for the Western District of Pennsylvania. (ECF No. 29). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, PBS Coals's motion to transfer the case to the United States District Court for the Western District of Pennsylvania will be GRANTED.

### I.　　BACKGROUND

Plaintiff is a resident of Maryland who was employed as a commercial delivery driver by Cumberland Pipe and Steel. (ECF No. 2, "Compl.", at ¶ 1). In this capacity, Plaintiff was tasked

---

[1] On June 7, 2013, following parties' stipulation of dismissal, this Court terminated Severstal US I and Severstal US II as parties in the case. (ECF No. 24). It appears no writ of summons was ever served on Severstal Resources and no counsel has appeared on its behalf.

with delivering I-beams and other industrial products from Cumberland Pipe and Steel's facility in Maryland to a coal mining facility owned and operated by Defendants in Somerset County, Pennsylvania. (*Id.*). On the morning of March 23, 2011, Plaintiff was delivering a 40-foot long I-beam to Defendants' facility. (*Id.* at ¶ 5.). As an employee of PBS Coals was using a forklift to unload the I-beam from Plaintiff's truck, the I-beam fell off the forklift and struck the Plaintiff. (*Id.* at ¶ 6-7; ECF No. 8 at ¶ 6-7).

Defendant PBS Coals is a Delaware corporation with its principal place of business in Somerset County, Pennsylvania. (ECF No. 1 at ¶ 9). Plaintiff alleges that PBS Coals "regularly transacts and/or conducts business in Maryland, including contracting with Maryland based business entities such as Cumberland Pipe and Steel in the course of operation of their [*sic*] business." (Compl. at ¶ 2). However, PBS Coals denies this allegation and offers that it "does not regularly conduct business in Maryland." (ECF No. 8 at ¶ 2).

On March 21, 2013, Plaintiff filed this lawsuit in the Circuit Court for Allegany County, Maryland. (Compl.).[2] On April 30, 2013, Severstal US I and Severstal US II, with the "consent of all defendants," removed the case to this Court on the basis of diversity. (ECF No. 1). On June 7, 2013, following a stipulation of voluntary dismissal, (ECF No. 23), this Court terminated Severstal US I and Severstal US II as parties in this case. (ECF No. 24). On July 24, 2013, PBS Coals filed the present motion to dismiss for lack of personal jurisdiction, or alternatively, to transfer the case to the United States District Court for the Western District of Pennsylvania. (ECF No. 29).

## II. ANALYSIS

---

[2] As Plaintiff alleges, "[f]airly contemporaneously with the filing of the action in Maryland state court," Plaintiff filed a "Praecipe for Writ of Summons in Civil Action (staying the statute of limitations) in the Court of Common Pleas of Alleghany County, Pennsylvania, preserving his right to proceed should a court determine that Maryland could not exercise personal jurisdiction over his claims." (ECF No. 37 at 3).

2

PBS Coals has moved for this Court to dismiss this case for lack of personal jurisdiction or, in the alternative, to transfer it to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a). (ECF No. 29). The Court finds that transfer is appropriate and therefore does not reach the close question of personal jurisdiction raised by this case.[3]

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute thus commits the decision of whether or not to grant a transfer to "the sound discretion of the district court." *Stronghold Security LLC v. Sectek, Inc.*, 582 F.Supp.2d 726, 728 (D. Md. 2008) (Davis, J.) (citing *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582, 591 (E.D. Va. 1992)).

In moving for a transfer, a defendant must (1) show that transfer to another forum is proper and (2) show that the balance of factors weighs strongly in its favor. *Stronghold Security*, 582 F.Supp. at 726 (citing *Lynch v. Vanderhoef Builders*, 237 F.Supp.2d 615 (D. Md. 2002); *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F.Supp.2d 852 (D. Md. 2005)). These "well-known and long-settled" factors are, along with the interest of justice:

---

[3] Like most of its sister courts, this Court finds that a court may order a transfer under §1404(a) even if it lacks personal jurisdiction over the defendant. 15 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3844 (3d ed.) (collecting cases); *see also Tyler v. Gaines Motor Lines, Inc*, 245 F.Supp.2d 730, 734 (D. Md. 2003) ("Because the question [of personal jurisdiction] is a close one, I will exercise my discretion to transfer this case in the interests of justice. For me to hold that Gaines is subject to personal jurisdiction would inject into the case an unnecessary legal issue that would render the entire litigation null and void if, on appeal, jurisdiction were found to be lacking.")
Of course, the Court recognizes that much of the case law interpreting § 1404(a) provides that "[t]ransfer under Section 1404(a) is possible only if *venue* is proper in the original forum, which also must have federal jurisdiction over the action." 15 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3844 (3d ed.) (collecting cases) (emphasis added). However, even if this Court is an improper venue for this action, §1406(a) provides the Court with a statutory basis for transfer. *Id.* Indeed, the language of § 1406(a), which mirrors that of § 1404(a), provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

3

> 1) The plaintiff's choice of forum; 2) relative ease of access of sources of proof; 3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; 4) possibility of a view of the premises, if appropriate; 5) enforceability of a judgment, if one is obtained; 6) relative advantage and obstacles to a fair trial ; 7) other practical problems that make a trial easy, expeditious, and inexpensive; 8) administrative difficulties of court congestion; 9) local interest in having localized controversies settled at home; 10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11) avoidance of unnecessary problems with conflicts of laws.

*Stronghold Security*, 582 F.Supp.2d at 729 (quoting *Helsel v. Tishman Realty & Const. Co.*, 198 F.Supp.2d 710, 711 (D Md. 2002)).

Applying this two-prong test, the Court finds that PBS Coals has statisifed the first prong by showing that a transfer to the Federal District Court for the Western District of Pennsylvania is proper. The alleged facts took place in Pennsylvania and PBS Coals is a corporation with a principal place of business in Pennsylvania. Further, Plaintiff concedes that "this case could have been initiated in the Western District of Pennsylvania." (ECF No. 37 at 14).

Having considered the eleven factors described above, the Court further finds that PBS Coals has satisfied the second prong of the test by showing that the balance of factors weighs strongly in favor of transfer. The most convincing factor of this analysis is that Maryland adheres to the rule of *lex loci delicti*, *Phillip Morris v. Angeletti*, 752 A.2d 200, 230-31 (Md. 2000), and therefore this Court would have to apply the substantive law of Pennsylania to evaluate the claims in this case. Further, as even Plaintiff concedes, the convenience of witnesses would best be served by a transfer to the Western District of Pennsylvania. (ECF No. 27 at 16). Indeed, the alleged accident and even Plaintiff's medical treatment following the alleged accident took place in Pennsylvania. (*Id.*). Finally, although the Court recognizes that the fact that Plaintiff decided to file this case in Maryland is "entitled to substantial weight," *Stronghold Security*, 582 F.Supp.2d at 729 (quoting *Cross*, 383 F.Supp. at 856), this deference is tempered by the fact that

Plaintiff has also filed suit in Pennsylvania state court. Thus, on balance, the Court finds that a transfer to the Western District of Pennsylvania is warranted "[f]or the convenience of parties and witnesses, in the interest of justice."

## III.    CONCLUSION

Accordingly, an order shall issue GRANTING Defendant's motion to transfer the case to the Federal District Court for the Western District of Pennsylvania.

Dated this __15__ day of October, 2013

BY THE COURT:

James K. Bredar
United States District Judge